STATE *ex rel.* DEWAIN HARRY BURFORD

*v.*

DAVID McKEE, *Special Judge, etc., et al.*

(No. 10323)

Submitted September 27, 1950.   Decided November 21, 1950.

*J. Raymond Gordon,* for petitioner.

*Thomas P. O'Brien,* Prosecuting Attorney, *W. F. Keefer, Frank L. Campbell,* for respondents.

GIVEN, JUDGE:

This original mandamus proceeding was instituted by

the State of West Virginia, at the relation of Dewain Harry Burford, to require David A. McKee, Special Judge of the Intermediate Court of Ohio County, and W. H. Havercamp, Clerk of that court, to accept sureties offered upon a bail bond by Dewain Harry Burford, the defendant in a criminal proceeding pending in that court. A demurrer was filed to the petition, and respondents filed an answer to the petition and rule issued by this Court. There is no dispute of any material fact involved.

The grand jury for the October, 1946, term of the Intermediate Court of Ohio County returned an indictment against Burford. The indictment contained two counts, the first for breaking and entering and the other for entering without breaking. For some reason, not disclosed by the record, defendant was not prosecuted under this indictment, and a second indictment charging the same two violations was returned against Burford by the grand jury of the Intermediate Court of Ohio County, at the February, 1950, term. Burford entered a plea of not guilty, was tried upon the first count of the second indictment, and a verdict of guilty was returned against him. A motion to set aside the verdict was made by Burford, and the order setting the motion for argument, entered on June 29, 1950, contained this provision: "Thereupon the said defendant was remanded to jail with bond set at Ten Thousand Dollars". No bond was offered by Burford before August 7, 1950. On July 22, 1950, the court entered an order refusing to set aside the verdict, suspended sentence of the defendant until August 7, 1950, and remanded the prisoner to jail.

On the last mentioned date, Burford being present in court, with counsel, the Prosecuting Attorney of Ohio County tendered and the court filed an information against Burford, charging that he had been convicted of two prior felonies and that penitentiary sentences had been imposed upon him as to such convictions. One of those offenses was committed in Kanawha County, for which Burford was sentenced by the Intermediate Court

of Kanawha County, to a term of two years in the West Virginia State Penitentiary, Burford having entered a plea of guilty to that indictment. The other offense, committed in the State of Ohio, was for breaking and entering, and Burford having entered a plea of guilty thereto, was sentenced to "be confined in the Ohio State Penitentiary, Columbus, Ohio, until legally discharged by law * * *." It was established to the satisfaction of the Intermediate Court of Ohio County that the offense committed by Burford in the State of Ohio was committed subsequent to the commission of the offense in Ohio County, West Virginia. Upon advice of counsel, and under oath, Burford admitted in open court his conviction and sentence, as charged in the information, as to the Kanawha County offense. Thereupon Burford was sentenced to confinement in the penitentiary of the State of West Virginia for a term of "not less than one nor more than fifteen years * * *". The order sentencing Burford then recites:

> "Thereupon the defendant by his said attorney inquired whether the court had fixed bond for the defendant since his conviction herein, and it having been ascertained that the court had fixed bond in the amount of Ten Thousand Dollars ($10,-000.00), the Prosecuting Attorney, in view of the circumstances in this case, then recited to the court, moved that the court reconsider the matter of bond and deny to the said defendant, Dewain Harry Burford, the right to give bond, which motion was resisted by the defendant by his said attorney, but was sustained by the court, and the right of the defendant to bond is denied, to which action of the court the defendant by his said attorney excepted and objected."

Immediately after the above action of the trial court, at the same hearing, Burford requested bond, contending that he was entitled thereto by virtue of the provisions of the order entered on the 29th day of June, 1950, and presented and had examined sureties for the purpose of the bond. After examination of the sureties Burford

"moved the court to rule upon the sufficiency of the sureties. The court overruled said motion and held that the matter was not before the court at this time".

It is the contention of Burford that the trial court refused to approve the sureties because of the fact that the properties owned by them were not situated in Ohio County, relying upon the case of *State* v. *Charnock,* 105 W. Va. 8, 141 S. E. 403, 56 A. L. R. 1094. Apparently this contention was based upon remarks of the trial judge and the prosecuting attorney made at the time of the fixing of the amount of the bond and at the above mentioned hearing. At the time of the final denial of bail the trial judge remarked:

> "In view of the history that is here of this case with respect to the bond heretofore had and in view of the fact that counsel is not seeking to comply with the condition that this Court made with respect to the giving of a bond on June 29, and is now offering surety from the County of Kanawha, and in further consideration of the past record of the defendant, the motion to admit to bail is denied. You may take your exception."

It was upon this contention that this Court granted the rule issued herein for the purpose of testing the right of the trial court to impose unreasonable conditions or restrictions as to sureties after having granted bail. As we now find the record, however, that question does not arise.

The answer of respondents states, in effect, that the reasons for which bail was finally denied were that no good cause was shown for the granting of bail, that granting of bail in a criminal case, after conviction, is a matter within the sound discretion of the court, and that after being informed of the facts shown at the hearing, the court reached the conclusion "that for the protection of society, and to assure the execution of the Court's sentence the bail should be denied". The statement of the court at the hearing as to why bail should be denied was

"And in this connection I want to say it is denied because no good cause is shown for admitting to bail as the statute was interpreted in the case of *Ex Parte Hill,* 51 W. Va. 536." Petitioner contends that an amendment of the statute which was in effect at the time of the decision of *Ex Parte Hill,* 51 W. Va. 536, 41 S. E. 903, renders that decision inapplicable. That case was decided in 1902. The statute in force at that time, Code, 1899, Chapter 156, Section 6, provided that "* * * a circuit court, or judge thereof in vacation, may, for good cause shown, admit that person to bail before conviction, * * *." Code, 62-1-6, provides that: "* * * But a circuit, intermediate or criminal court, or the supreme court of appeals, or a judge of either of said courts in vacation, may, for good cause shown, admit any person to bail before conviction, or after conviction, except a conviction for offenses where the penalty is confinement in the penitentiary for life, or death, * * *." Apparently the provision relating to bail "after conviction" was first made part of the statute by the 1915 Legislature, Acts 1915, Chapter 81, Section 6. See *State* v. *Bouchelle,* 134 W. Va. 34, 61 S. E. 2d 232. In *Ex Parte Doyle,* 62 W. Va. 280, 57 S. E. 824, decided in 1907, this Court held, Point 1, syllabus:

"The word 'may,' as used in section 2, chapter 160, Code 1899, is mandatory. A person convicted of a misdemeanor is under it entitled, as a matter of right, to a suspension of the execution of the judgment."

In the opinion by Judge Brannon this Court further said:

"Our decision is as to misdemeanors. As to felonies, there is discretion to bail or not; but I do not realize that such is the case of misdemeanors. 5 Cyc. 63, 68; 3 Am. & Eng. Enc. L. 666."

Point 1 of the syllabus in the case of *Ex Parte Hill, supra,* relied upon by the trial court, is:

"After conviction of felony there can be no allowance of bail by this Court, or a circuit court,

except that for some cause extraordinary, not growing out of, but independent of, the criminal act, as for sickness, bail may be granted before conviction, or after it, pending a writ of error and before actual commitment to the penitentiary. The party must be laboring under a present painful, severe and dangerous disease either caused or aggravated by his imprisonment, and there must be strong probable reason, not mere fear, but based on facts, to apprehend that continued imprisonment will be fatal, or at least cause permanent grave injury to health."

The Legislature apparently had the effects of this holding in mind when it added the amendment of 1915 providing that courts may grant bail after conviction as well as before. However, the provision requiring "good cause" to be shown remained in the amended statute and is now part of Code, 62-1-6. The provision in our Constitution in relation to bail is: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. * * *."

We confess difficulty in following the reasoning of the Court in the *Doyle* case whereby it concludes that the word "may" was intended by the Legislature to mean "shall" as to misdemeanors and not as to felonies. We believe the results reached in that case, however, to have been correct, for undoubtedly the facts there relied upon constituted good cause for the granting of bail after conviction for a misdemeanor.

From a consideration of the statute, the history thereof, and the prior decisions of this Court, we conclude that the granting of bail to a defendant after conviction of a felony "except a conviction for offenses where the penalty is confinement in the penitentiary for life, or death", is a matter within the sound discretion of the court. What constitutes a sound discretion necessarily depends very largely upon the facts of the particular case. There is no doubt that upon applications for bail after conviction of a felony the trial court would be warranted, in some cir-

cumstances at least, in requiring a stronger showing than upon such an application before conviction.

We now reach the question as to whether the trial court abused its discretion in refusing bail in the instant case. After first granting bail, and before sentencing Burford, the court was informed of the two prior convictions for felonies and that one of such convictions was for an offense committed while Burford was upon bail given under the indictment first returned as to the Ohio County violation. At the time bail was refused he was under parole from a sentence imposed upon him by the State of Ohio. Bond given under the first Ohio County indictment was forfeited and remained uncollected. In such circumstances this Court can see no clear abuse of the discretion of the trial court in revoking the prior order and in refusing to grant bail.

Since this Court holds that the matter of granting bail in the instant case is one requiring the exercise of sound discretion by the trial court, the question naturally arises as to whether the extraordinary remedy of mandamus will lie. All of our cases hold that a petitioner in mandamus must show a clear legal right to be entitled to the writ. In *Ebbert* v. *Bouchelle,* 123 W. Va. 265, 14 S. E. 2d 614, petitioner sought the issuance of such a writ to compel the Judge of the Circuit Court of Kanawha County to issue a subpoena duces tecum. This Court, finding that the exercise of discretion by the judge of the trial court was necessarily involved, denied the writ. In *State ex rel. United Fuel Gas Company* v. *DeBerry, Judge,* 130 W. Va. 418, 43 S. E. 2d 408, this Court, in refusing to issue the writ, held, Point 2, syllabus:

> "The manner in which judicial discretion of a court of record, or the judge thereof, is exercised will not be controlled by mandamus. But if such court, or judge, fails or refuses to act, mandamus lies to compel the exercise of such discretion."

See also *State* v. *Compensation Commissioner,* 131 W. Va.

442, 48 S. E. 2d 9; *Goloversic* v. *Arnold,* 128 W. Va. 272, 36 S. E. 2d 209.

We conclude, therefore, that since the trial court was vested with discretion in the matter of bail, the defendant does not have a clear legal right and mandamus will not lie. We are not to be understood, however, as holding that mandamus will not lie in any matter involving bail. If there exists a clear legal duty and that duty is not adhered to, even in matters of bail, the writ will lie, notwithstanding the proceeding of habeas corpus may also lie. *State* v. *Charnock, supra; Ex Parte Hill, supra; Ex Parte Doyle, supra.*

*Writ denied.*