STATE OF WEST VIRGINIA *ex rel.* MICHAEL H. GHIZ

*v.*

.E. M. "PETE" JOHNSON, *Sheriff of Kanawha County, and* GEORGE W. WOOD, *Judge of the Intermediate Court of Kanawha County, West Virginia*

(No. 13118)

Submitted September 2, 1971. Decided September 10, 1971.
Opinion Filed September 28, 1971.
Dissenting Opinion October 12, 1971.

*James B. McIntyre,* for relator.

*Chauncey H. Browning, Jr.,* Attorney General, *George E. Lantz,* Deputy Attorney General, *Willard A. Sullivan,* Assistant Attorney General, for respondents.

CARRIGAN, JUDGE:

This is a habeas corpus proceeding seeking to require the respondents, the Honorable George W. Wood, Judge of the Intermediate Court of Kanawha County and E. M.

"Pete" Johnson, Sheriff of Kanawha County, to show cause why the petitioner, Michael H. Ghiz, should not be admitted to bail pending a trial of the criminal charges against the petitioner.

This case was submitted upon the petition for a writ of habeas corpus ad subjiciendum originally filed in this Court, an order requiring respondents to show cause, the answer of the respondent judge to such order and upon briefs and oral argument of counsel for both parties.

The only material issue here presented is did the respondent judge fail to exercise or abuse his discretion in refusing to admit petitioner to bail after indictment but before trial.

The facts as presented show that on or about May 27, 1971, at about 7:50 P.M., an armed robbery occurred in Kanawha County at which time the victim was handcuffed, forced to ingest some pills, the type of which is not disclosed, and that a quantity of narcotics of the value of $439.26 was taken from the possession of the victim. Approximately a week later the petitioner learned the police were "asking for him" and voluntarily came to the Charleston Police Department, where he was subsequently arrested. Petitioner was indicted for armed robbery at the June, 1971, term of the Kanawha County Intermediate Court. Petitioner made application for his release on bail before respondent judge and a hearing was had thereon after which release on bail was denied. On July 15, 1971, petitioner applied to this Court for a writ of habeas corpus ad subjiciendum ordering respondents to show cause why he should not be admitted to bail. This Court granted the writ on July 28, 1971, returnable on September 1, 1971. On September 2, 1971, the case was submitted for decision upon the petition, respondent's answer and exhibits filed August 31, 1971, and upon briefs and oral argument of counsel on behalf of the respective parties. On September 10, 1971, this Court awarded the writ theretofore issued permitting bail conditioned upon petitioner's appearance for trial. Order Book 71, Page 380.

Article III, Section 5 of the Constitution of this State, entitled "Excessive Bail Not Required" provides, in part, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." This is the same language used in Amendment VIII to the Constitution of the United States. It therefore clearly appears that the right to release without excessive bail is guaranteed to all citizens by both the federal and State Constitutions.

Article 1C of Chapter 62 of the Code, as amended, deals specifically with bail, and Section 1 of Article 1C deals with the right to bail and review. Section 1 provides:

(a) A person arrested for an offense not punishable by death or life imprisonment shall be admitted to bail by the court or justice. A person arrested for an offense punishable by death or life imprisonment may, in the discretion of the court that will have jurisdiction to try the offense, be admitted to bail.

(b) Bail may be allowed pending appeal from a conviction for an offense not punishable by death or life imprisonment. The court or judge allowing bail pending appeal may at any time revoke the order admitting the defendant to bail.

(c) The amount of bail or the discretionary denial of bail at any stage of the proceedings may be reviewed by summary petition first to the lower appellate court, if any, and thereafter by summary petition to the supreme court of appeals or any judge thereof.

Inasmuch as the death penalty has been abolished in this State, the court's discretion in admitting a person to bail before conviction may now only be exercised where the punishment is life imprisonment.

At the hearing for release on bail held before the Intermediate Court the State presented testimony of one witness, a police officer, who stated that petitioner had been identified by the victim, who gave a brief outline of the offense charged, and also stated his investigation

showed the accused had no prior police record and had voluntarily appeared and surrendered. The petitioner presented testimony of relatives and friends showing that petitioner had no prior record of law violation, had served three years in the armed forces and had received an honorable discharge, that he had lived in Kanawha County since his discharge from service in 1968 or 1969, had been employed both by the United States Post Office and the State of West Virginia, and that his family had lived in this area for twenty years. All of petitioner's witnesses testified they believed petitioner would remain in this jurisdiction and would appear at the time and place for trial as directed by the court, and one witness readily agreed to become security on any bail bond. The State did not interrogate any of the petitioner's witnesses, offered no evidence of any kind to show that petitioner had ever before been investigated by the police, or arrested or convicted. The only argument presented by the State in opposing the release on bond was to the effect that trying to be consistent in this case, as in other cases of robbery by violence, the State constantly opposed release on bond, and did so in this case.

The object of imprisonment of the accused, before trial, is to assure his appearance at the time of trial, and the matter to be determined in admitting an accused to bail is, if admitted to bail, will he appear for trial as required. *Carr* v. *Sutton,* 70 W.Va. 417, 420-21, 74 S.E. 239, 240 (1912).

Of course, it must first be determined if the accused is entitled to bail as a matter of right, or is it within the discretion of the court. This can easily be answered by referring to Code, 62-1C-1(a), as amended, heretofore quoted.

At this point it may be well to consider what this Court believes should be the guidelines for the exercise of discretion in admitting to bail or refusal thereof since we find no recent holdings on this subject in West Virginia.

We believe there are two primary questions each court or judge must first determine:

First: If discretion is to be exercised, does the evidence presented and the facts as to past conduct show that the prisoner will probably appear at the time and place required to stand trial.

Consideration should be given to the conduct of the accused; does he have a prior record of arrest or conviction; has he previously failed to appear when released on bond; did accused surrender to police or did he flee or attempt to flee. Consideration should also be given as to whether the accused has been indicted or has merely been arrested but not indicted.

Second: If discretion is to be exercised by the court, does it appear probable that if released the accused may commit another crime. Here the court should consider the past criminal record of the accused and the nature of the crime charged in the pending case. The court may consider the view of the prosecuting attorney but should not be bound thereby and particularly where there has been adopted a hard and fast policy against bail, as expressed by the state in this case. Neither should the court adopt a fixed policy, but should consider each petition for bail on its own merits and exercise discretion accordingly.

The foregoing criteria have been stated variously by other writers. One writer expressed them as follows:

> * * * In addition to the nature of the crime the following factors are also relevant . . . : the character of the accused, his past criminal record, the mode of apprehension and accused's reaction thereto, the reputation of the accused in the community, the existence of any strong community ties of the accused, and the likelihood of his guilt. Comment, *Criminal Procedure—Determination of Accused's Right to Bail in Capital Cases,* 7 VILL. L. REV. 438, 448 (1962).

The general rule is stated thus in Corpus Juris Secundum:

> * * * Where . . . the court may exercise discretion in its allowance in determining whether or not to admit a person accused to bail, it is proper

for the court to consider the circumstances of the particular case . . . .

Bail is not allowed or refused because of the presumed guilt or innocence of the person accused, but the considerations which bear most pertinently on the question and guide in coming to a decision are the existence of doubt as to accused's guilt, and the probability of his appearing for trial, or when ordered to appear. In determining these questions in any particular case it is proper to consider the nature of the crime charged and its punishment, the strength of the evidence against accused, and his character, means, and standing, as well as his age, and the appearance of the parties.

The fact that accused subsequently refused an opportunity to escape, or has voluntarily surrendered himself, has sometimes influenced the granting of bail. * * * 8 C.J.S. *Bail* §36 (1) (1962).

In the present case we cannot say, as contended by petitioner, that the court refused to exercise discretion, for the court said, and placed on the record, the following:

[O]n the one hand, I believe that possibly the chances are that this young man may respond to the summons of the Court to appear when he should appear . . . ,

but the court also added:

Now, this Court is constantly taking the position . . . that the Legislature of this state says there shall be no bond except in the discretion of the Court . . . . [T]here are sufficient facts here which would lead me to believe I would be remiss in exercising the discretion of setting bond * * *.

While this Court has said on many occasions that it will not interfere with the exercise of discretion of lower courts, except where it appears such discretion was abused, as stated by Judge Caplan in *Intercity Realty Co. v. Gibson*, 154 W.Va. 369, 175 S.E.2d 452 (1970), however, here we believe that the Intermediate Court placed too much stress on the fact that this armed robbery took place in a hospital, where many seriously ill persons were

confined and that this should be a safe place, and that the public should have this assurance, and failed to consider other factors such as the accused having no prior police record, his conduct in voluntarily surrendering to the police and not fleeing the locality, and the other matters as set forth above. Lacking the guidelines as herein set forth, we found that the Intermediate Court of Kanawha County abused its discretion in failing to give due weight to all factors to be considered in this case and by placing too much stress on the location at which petitioner is alleged to have committed this offense.

For this reason, the petitioner was admitted to bail in the amount and on the terms and conditions as specified in the order of this Court. The purpose of this opinion is to state the reasons for the Court's decision.

*Writ awarded.*

BERRY, JUDGE, dissenting:

I respectfully dissent from the majority opinion in this case solely on the ground that I do not believe, under the facts as to where and in the manner the crime was committed, the trial court abused his discretion in refusing to grant bail.

The entire matter is governed by the following provision of Code, 62-1C-1(a), as amended: " * * * A person arrested for an offense punishable by death or life imprisonment may, in the discretion of the court that will have jurisdiction to try the offense, be admitted to bail." The offense was an offense that may be punishable by life imprisonment and the court exercised his discretion, as provided for in the statute, by denying bail. The trial court, at the hearing, denied bail because of actions of the accused at the time and place of the alleged crime, which, in my opinion, was good and sufficient to clearly indicate that the trial court's discretion had not been abused.

Whether or not I would have granted or refused bail in the case at bar had I been the trial court judge, is immaterial. The only question for this Court to answer is

whether the trial court abused his discretion and I am of the opinion the record clearly indicates that he did not. See *Judicial Discretion of the Trial Court Viewed from Above*, 22 SYRACUSE LAW REVIEW 635.

It is true, as stated in the majority opinion, that bond cannot be denied because of a rule or practice with regard to such matter that has been followed in the past, but I do not think that was done in the instant case.

For the reasons stated herein, I would have affirmed the action of the trial court and refused to grant the writ for the release of the accused on bail.

I am authorized to say that Judge Calhoun joins in this dissent.