## CHAMBERS v. MISSISSIPPI

No. A–785 (71–5908). Decided February 14, 1972

See: 252 So. 2d 217.

MR. JUSTICE POWELL, Circuit Justice.

On January 31, 1972, counsel for Leon Chambers, petitioner in No. 71–5908, filed with me, as Circuit Justice for the States constituting the Fifth Circuit, an application for bail pending consideration of his petition for writ of certiorari. Petitioner's counsel detailed the reasons making it appropriate for me to exercise my discretion, under 18 U. S. C. § 3144, to admit this petitioner to bail. A copy of his certiorari petition, which raises two non-frivolous constitutional questions, was also attached to his application. The Attorney General of Mississippi declined to file a response objecting to the application.

On February 1, 1972, after careful review of petitioner's application, I entered an order admitting him to bail. In order to assure that petitioner would not flee or pose a danger to any other person, I imposed a number of conditions on his release. He was required to post bail bond in the sum of $15,000; to live at home with his family in his hometown of Woodville, Mississippi; to find employment; and to report, immediately upon release and periodically thereafter, to the local sheriff.

Ten days later, on February 11, 1972, the Attorney General of Mississippi filed an application for reconsideration of my order admitting petitioner to bail. Although the Rules of this Court do not provide for such an application, I have carefully re-examined all papers submitted including a response from petitioner's counsel.

The Attorney General, in addition to contending that petitioner's case is frivolous, asserts that petitioner's "return to the community will create a dangerous situation to citizens of that community." In support of this latter allegation, he proffers the affidavits of the County Sheriff, the local Police Commissioner, and the Chief of Police of Woodville. In conclusory terms, these documents state that petitioner's presence will create a tense and explosive situation in the community, which might result in bloodshed. No specific facts are stated in support of the opinions expressed. On the contrary, it appears that this petitioner's roots in the community and record of good behavior merit his release pending final determination of his case. Petitioner is a lifelong resident of Woodville; he owns a home, subject to a mortgage; he has a wife and nine children there; he served for a period on the Woodville police force; he is a deacon in the local Baptist Church; and he has no prior criminal record. Before his trial he was released on bail for approximately 14 months, apparently without incident. During his period of incarceration after his conviction it appears that petitioner was a model prisoner.

On this record, I am unable to conclude that petitioner's mere presence in the community poses such a threat to the public "that the only way to protect against it would be to keep [him] in jail." *Sellers* v. *United States*, 89 S. Ct. 36, 38, 21 L. Ed. 2d 64, 67 (1968) (Black, J., in chambers).

The order admitting petitioner to bail is hereby reaffirmed.

*It is so ordered.*