STATE ex rel. WARD C. HUTZLER

*v.*

PIERRE E. DOSTERT and

VANCE E. SENCINDIVER, *judges, etc., et al.*

(No. 13930)

Decided June 21, 1977.

*Radosh & Askin, Steven M. Askin,* for relator.

*Chauncey H. Browning,* Attorney General, *Fredric J. George,* Deputy Attorney General, for respondents.

McGRAW, JUSTICE:

Ward E. Hutzler, a prisoner in the Berkeley County jail serving a sentence of one year on an assault and battery conviction, has petitioned the Court for a writ of habeas corpus to effect a reduction of his appeal bond penalty from the sum of $25,000, as fixed by the Circuit Court of Berkeley County, to not more than $10,000, a sum within his financial reach. The indictment on which he was convicted charged felonious assault on his brother-in-law—shooting him five times with a pistol. The jury returned a verdict of guilty of the lesser offense, assault and battery. The trial court denied defendant's motion to set aside the verdict, denied a motion for probation, and refused to suspend imposition of the sentence. When defendant's attorney filed notice of his intent to petition for a writ of error and supersedeas, he moved the court to fix bond for defendant's release pending appeal. In fixing the bond penalty at $25,000, the court noted the nature of the offense charged, defendant's apparent lack of remorse for the acts leading to his conviction, defendant's publication of an advertisement in a newspaper considered by the court to border on contempt, and the probability that defendant, if released, might commit further acts of violence.

Counsel for defendant-petitioner reasons that the trial court has a duty to fix bond in a reasonable amount pending appeal of the misdemeanor conviction, that fixing bond in the penalty of $25,000 is an abuse of discretion, and that bail in an amount not exceeding $10,000 is reasonable for defendant's release pending appellate proceedings.

"Bail is security for the appearance of a defendant to answer to a specific criminal charge before any court or justice at a specific time or at any time to which the case may be continued." *W. Va. Code,* 62-1C-2.

The *United States Constitution*, Amendment VIII, and the *West Virginia Constitution*, Article III, § 5, provide that "Excessive bail shall not be required."

West Virginia's bail statute, *W. Va. Code*, 62-1C-1, provides:

"(a) A person arrested for an offense not punishable by death or life imprisonment shall be admitted to bail by the court or justice. A person arrested for an offense punishable by death or life imprisonment may, in the discretion of the court that will have jurisdiction to try the offense, be admitted to bail.

"(b) Bail may be allowed pending appeal from a conviction for an offense not punishable by death or life imprisonment. The court or judge allowing bail pending appeal may at any time revoke the order admitting the defendant to bail.

"(c) The amount of bail or the discretionary denial of bail at any stage of the proceedings may be reviewed by summary petition first to the lower appellate court, if any, and thereafter by summary petition to the supreme court of appeals or any judge thereof. (1965, c. 38)."

The statute provides that the amount of bail may be reviewed by summary petition to this Court. Petitioner has elected to proceed by petition for habeas corpus relief. *State ex rel. Ghiz v. Johnson*, 155 W. Va. 186, 183 S.E.2d 703 (1971).

Counsel for petitioner reasons that the trial court has a duty to fix bail in a reasonable amount on appeal of a misdemeanor conviction to this Court and that "increasing his bond in the penal sum of $25,000.00 is an abuse of discretion." Counsel for respondents argues that the $25,000.00 is proper in view of "petitioner's attitude and the likelihood that petitioner would commit additional acts of violence against the victim and others."

The facts and law warrant examination and consideration. Petitioner states he is a lifelong resident of Berkeley County, owns real estate in the county, and is a logger by occupation. He is the father of nine children,

who are currently residing with his divorced wife. He is in arrears in his support payments for the children. He says that, with assistance of his family and friends, he can post a real estate or cash bond in the amount of $10,000. When he was initially charged with the crime of felonious assault, a felony, he was released on a $5,000 bond, caused no trouble, appeared timely for court proceedings, and has indicated no likelihood that he will flee the jurisdiction or be a threat to others. The trial court considered the gravity of the offense charged, the sentence imposed as a deterrent to others in the community, and the fact that defendant has not made the $45.00 weekly payments for support of his children. The court suggested a possible work release program under supervision of the sheriff of the county, but the suggestion was not well received by the sheriff because of his experience in other cases and the lack of adequate manpower in his department. The court filed with the record a letter from petitioner's former wife, dated March 10, 1977, addressed to the court, relating largely to defendant, his attorney, the jury and the administration of criminal justice.

Prior to enactment of the West Virginia bail statute in 1965, the Court considered "granting of bail by a trial court after conviction for a felony ... a matter to be exercised in the sound discretion of the court." *State ex rel. Burford v. McKee*, 135 W. Va. 18, 62 S.E.2d 281 (1950). More recently the Court observed that, in the admission of accused persons to bail, "consideration should be given to all facts and circumstances of each case and no absolute rule or policy should be adopted." A case by case determination of the right to and amount of bail is consistent with the discretion vested in the courts under provisions of *W. Va. Code*, 62-1C-1. In 8 Am. Jur. 2d *Bail and Recognizance*, § 68 (1963), a summary of the relevant law is stated in the following language:

"No precise rule can be laid down that will determine the amount of bail required in any particular instance. Bail should be fixed according to the circumstances of each case. The mat-

ter is generally one for the sound discretion of the trial court. Although the determination of the trial court is subject to review in the appellate courts for abuse of discretion, ordinarily the appellate courts will not interfere if the amount set by the trial court is reasonable and not excessive."

In *Chambers v. Mississippi*, 405 U.S. 1205, 30 L. Ed. 2d 773, 92 S. Ct. 754 (1972), consideration was given to bail release of a state prisoner pending review of his conviction on writ of certiorari by the United States Supreme Court. The defendant had been convicted of murder of a black part-time police officer, by shooting the victim in the back and side five times, and had been sentenced to life imprisonment. *Chambers v. Mississippi*, 252 So.2d 217 (Miss. 1971). He had a wife and nine children, had been a lifelong resident of his community, and had been on bond for approximately fourteen months awaiting trial. Justice Powell, as Circuit Justice of the United States Court of Appeals, Fifth Circuit, fixed bail at $15,000 pending consideration of his petition for a writ of certiorari. The attorney general of Mississippi filed an application for reconsideration of the bail release, arguing that the man's "return to the community will create a dangerous situation to citizens of that community." Justice Powell reconsidered and affirmed his release order, stating

"On this record, I am unable to conclude that petitioner's mere presence in the community poses such a threat to the public 'that the only way to protect against it would be to keep (him) in jail. *Sellers v. United States*, 89 S. Ct. 36, 38, 21 L. Ed.2d 64, 67 (1968."

In the case now before the Court, the accused was released on $5,000 bail while awaiting trial on a felony charge, felonious assault, apparently without incident or reported misconduct. A trial to a jury resulted in his conviction for assault and battery, a misdemeanor, a lesser offense included within the felony offense charge in the indictment. When imposing sentence of one year

in the Berkeley County jail, the trial court exonerated the $5,000 bond and set bond pending appeal at $25,000. In *Chambers v. Mississippi, supra,* wherein the defendant was convicted of murder and sentenced to life imprisonment, Justice Powell fixed bond at $15,000 pending United States Supreme Court review of the conviction on writ of certiorari. The totality of facts and circumstances in this case persuasively indicate that the trial court's requirement of a $25,000 bond for release pending appeal is excessive, is contrary to the Bill of Rights provisions of our Federal and State Constitutions that excessive bail shall not be required, and is inconsistent with the discretion vested in trial courts under provisions of *W. VA. Code,* 62-1C-1.

The judgment order of the Circuit Court of Berkeley County, entered on March 11, 1977, setting the bond required of the defendant, Ward C. Hutzler, at $25,000 for his release from the jail sentence imposed on his conviction for a misdemeanor offense, assault and battery, is modified by reduction of the bond amount so required to a sum not exceeding $5,000 for his release from the jail sentence pending proceedings for the appeal of his conviction to this Court and, if a writ of error be granted, pending a determination of issues theron arising. The writ of habeas corpus, as prayed for in defendant's petition, is granted, composed and limited in accordance with the Court's decision herein.

> *Writ of habeas corpus*
> *granted in accrdance*
> *with decision.*

MILLER, JUSTICE, *concurring*:

While I concur in the result reached in this case, I have some misgiving with regard to the first syllabus point. Also, because of the paucity of cases by this Court discussing the law on bail since the 1965 amendments to our bail statute, it seems to me that we have missed an opportunity to provide some guidelines to the trial

courts who are faced daily with this difficult and important task.

There are two separate aspects to the question of bail. The first centers on the legal question of the right to bail. The second is concerned with the amount of bail. Both aspects are ultimately controlled by the provisions of Article III, Section 5 of the West Virginia Constitition, which provides: "[E]xcessive bail shall not be required, ..." Identical language is found in the Eighth Amendment to the United States Constitution.

This is the view of Justice Douglas, acting in chambers in *Carlisle v. Landon*, 97 L. Ed. 1642, 73 S. Ct. 1179 (1953):

> "There is a constitutional question that lurks in every bail case. The Eighth Amendment provides that 'excessive bail' shall not be required. That means, as Mr. Justice Burton suggested in the Carlson Case (342 US, at p 569), that a person may not be capriciously held. Requirement of bail in an amount that staggers the imagination is obviously a denial of bail. It is the unreasoned denial of bail that the Constitution condemns. The discretion to hold without bail is not absolute. If it were, we would have our own model of the police state which looms on the international horizon as mankind's greatest modern threat. Under our constitutional system the power to hold without bail is subject to judicial review. There must be an informed reason for the detention." (97 L. Ed. at 1645]

There is no question that the Legislature in 1965 saw fit to substantially enlarge the statutory right to bail. The case of *State v. Bouchelle*, 134 W. Va. 34, 61 S.E.2d 232 (1949), traces the history of the statutory provisions surrounding bail in this State up to that time, and they remained the same until the 1965 revision, which are found in *W. Va. Code*, 62-1C-1, *et seq.*

Among the changes made in the 1965 revision of the bail statute was the abolishment of the requirement for showing of "good cause" in order to be entitled to bail.

The right to bail was made absolute for offenses not punishable by death or life imprisonment. *W. Va. Code*, 62-1C-1(a).

The Legislature also liberalized the requirements for security on bail *W. Va. Code*, 62-1C-2, including the right to have the defendant released on his own recognizance regardless of whether the offense is a felony or misdemeanor. *W. Va. Code*, 62-1C-4.

The entire tenor of the 1965 revision to the bail statute accords with a modern trend to favor where possible the granting of bail. This policy has perhaps been best summarized in the American Bar Association's Standards Relating to Pretrial Release (1968), Section 1.1:

> "The law favors the release of defendants pending determination of guilt or innocence. Deprivation of liberty pending trial is harsh and oppressive in that it subjects persons whose guilt has not yet been judicially established to economic and psychological hardship, interferes with their ability to defend themselves and, in many cases, deprives their families of support. Moreover, the maintenance of jailed defendants and their families represents major public expense."

In *State ex rel. Ghiz v. Johnson,* 155 W. Va. 186, 183 S.E.2d 703 (1971), this Court recognized the liberal changes made to the bail statute, in particular the mandatory right to have bail set before conviction under *W. Va. Code*, 62-1C-1(1), where the crime carries a punishment of less than life imprisonment.[1] The first syllabus

---

[1] I, also, find myself at odds with the *Ghiz* case, which involved the discretionary right to bail before conviction. It mistakenly elevates two criteria as the key considerations, namely the likelihood that the accused will appear and the possibility that he will commit other crimes. Traditionally, the central inquiry where bail is discretionary is whether the accused if admitted to bail will appear at the required hearings in the criminal proceeding. All of the authorities cited in *Ghiz* demonstrate this. *See also,* 8 Am. Jur. 2d *Bail* §39, *et seq.* To give primacy to the probability of the commission of other crimes if released on bail is unwarranted unless statutorily mandated, such as found in 18 U.S.C.A. §3148. It is a factor to be considered along with all others.

in the majority opinion, I believe, inadvertantly suggests that a trial court is vested with discretion in determining the *right to* bail in all criminal proceedings.

Clearly, this is not the holding of *Ghiz*, nor does our bail statute permit such interpretation in cases involving crimes whose penalty is less than life imprisonment. *W. Va. Code*, 62-1C-1(a).

The first syllabus by the majority just, of course, be read in the context of the facts of this case. This case does not involve the *right to* bail, since the trial court had set bail, but turned solely on the question of whether the amount set was excessive.

It is also my view that the majority opinion does not make clear the fact that there is a difference in the statutory right to bail before conviction as distinguished from after conviction.

*W. Va. Code*, 62-1C-1(a) and (b), makes a clear distinction in these two areas. The right to bail before conviction is absolute as to those offenses which carry a penalty of less than life imprisonment and the court's discretion is limited to considering the amount of bond.

In cases involving bail prior to conviction for offenses involving life imprisonment and in all cases involving bail after conviction, the court has discretion in determining the right to bail and the amount of bail. This discretion is reviewable pursuant to the excessive bail prohibition of Article III, Section 5 of our *Constitution*.

As to the second aspect of bail, which is the amount to be set, there are now statutory guidelines prescribed. *W. Va. Code*, 62-1C-3, sets the following standards:

> "The amount of bail shall be fixed by the court or justice with consideration given to the seriousness of the offense charged, the previous criminal record of the defendant, his financial ability, and the probability of his appearance. When two or more charges are filed or are pending against the same person at or about the same time, the bail given may be made to include all offenses charged against the defendant."

It is to be noted that the statute, in addition to setting general guidelines to be considered on determining the amount of bail, also permits the court to cumulate different charges under one bail bond.

Certainly the trial court, in considering the amount of bail to be set, is not limited solely to the statutory standards set out above, but has the inherent power, mandated by the constitutional requirement that excessive bail not be set, to inquire into all areas that are deemed relevant. In this connection, the general rule for factors to be considered in determining the amount is set forth in 8 Am. Jur. 2d *Bail and Recognizance* § 71:

> "It has been stated that the factors to be taken into consideration in determining the amount of bail are; (1) ability of the accused to give bail, (2) nature of the offense, (3) penalty for the offense charged, (4) character and reputation of the accused, (5) health of the accused, (6) character and strength of the evidence, (7) probability of the accused appearing at trial, (8) forfeiture of other bonds, and (9) whether the accused was a fugitive from justice when arrested. That the accused is under bond for appearance at trial in other cases should also be considered."

I recognize that it is generally the rule that the right and the amount of bail after conviction are less liberally extended than in the pre-trial stage. 8 Am. Jur. 2d *Bail and Recognizance* § 33. Nevertheless, I agree with the majority that in this case there was clear abuse of discretion in setting the bail at $25,000 when the jury found the defendant guilty of assault and battery. The initial bond was $5,000 on a charge of felonious assault with a deadly weapon. The defendant demonstrated no conduct during the criminal proceeding that would warrant the court's conclusion that the bail amount should be raised. In fact, with the jury's finding of assault and battery, the court could well have reduced the bond.

I am authorized to state that Justice Harshbarger joins with me in this concurring opinion.