STATE OF WEST VIRGINIA

*v.*

LAWRENCE ALLEN GARY

(No. 14198)

Decided July 14, 1978.

*J. Montgomery Brown, Franklin D. Cleckley* for Lawrence Allen Gary.

*Chauncey H. Browning,* Attorney General, *David F. Greene,* Assistant Attorney General, for State of West Virginia.

MILLER, JUSTICE:

This is an appeal from a summary denial of a petition for bail following the petitioner's conviction of second degree murder in the Circuit Court of Upshur County. We conclude that in order to implement the provisions of the bail statute,[1] it is incumbent on circuit courts, where bail is sought and opposed by the State, to provide a

---

[1] W.Va. Code, 62-1C-1, *et seq.*

hearing and a written statement of the reasons for its decision.

This Court, in *State ex rel. Hutzler v. Dostert*, ____ W. Va. ____, 236 S.E.2d 336 (1977), recognized that bail following conviction of a felony is a matter of discretion for the trial court. We do not in this case deal with the right to bail, but rather the procedural question of the necessity of a hearing and the requirement of stated reasons for the denial or granting of bail.[2]

*Hutzler* recognized the familiar rule in this jurisdiction, that this Court may review the act of the circuit court in regard to bail to determine if there has been an abuse of discretion. *State ex rel. Ghiz v. Johnson*, 155 W. Va. 186, 183 S.E.2d 703 (1971); *State v. Bouchelle*, 134 W. Va. 34, 61 S.E.2d 232 (1949); *Ex parte Hill*, 51 W. Va. 536, 41 S.E. 903 (1902). In *Hutzler*, the circuit court had conducted a hearing on the motion for bail and a record was made as to the reasons why the particular amount was set. Here, no such hearing was held nor reasons given why bail was refused.

The necessity of a hearing and some statement of the reasons for granting or denying bail is a familiar principle that has been recognized in a number of our cases. We have held that where a juvenile is transferred to the adult criminal court, the juvenile court must hold a hearing and give its reasons for making the transfer. *State ex rel. E. D. v. Aldredge*, ____ W. Va. ____, 245 S.E.2d 849 (1978); *State ex rel. Smith v. Scott*, ____ W. Va. ____, 238 S.E.2d 223 (1977); *State v. McArdle*, 156 W. Va. 409, 194 S.E.2d 174 (1973).

Likewise, in *Louk v. Haynes*, ____ W. Va. ____, 223 S.E.2d 780 (1976), it was determined that a probationer is entitled to a hearing at the time his probation is revoked and must be supplied a written statement as to

---

[2] While this case involves the denial of bail, it is apparent that the State has an interest in ensuring that an appropriate bail be set and may for this reason wish to appeal. *See, e.g., Commonwealth ex rel. Alberti v. Boyle*, 412 Pa. 398, 195 A.2d 97 (1963).

the evidence relied upon and the reasons for revocation. Also, in *State v. Bolling*, ___ W. Va. ___, ___ S.E.2d ___ (1978) (No. 13850), we discussed at some length the necessity of an adequate record in order to provide a meaningful appellate review in a criminal proceeding.

The requirement of findings of fact or a statement of reasons to support the action of administrative agencies has been judicially set by this Court. *Mountain Trucking Co. v. Public Service Commission*, ___ W. Va. ___, 216 S.E.2d 566 (1975); *Mountain Trucking Co. v. Daniels*, 156 W. Va. 855, 197 S.E.2d 819 (1973).

There are sound reasons for such a rule. First, the requirement of a hearing not only affords the parties the opportunity to offer relevant information in support of their positions, but also provides the court with a mechanism to obtain the necessary facts on which to make an informed judgment on the question. Second, absent any hearing, there is no basis on which an appellate court can determine what facts motivated the decision of the circuit court.

The requirement of a statement giving the reasons for the court's action provides a guide to the appellate court as to the rationale of the trial court's decision. It also serves to focus the attention of both courts on the key factors that underlie the decision. Moreover, such statement ensures that the circuit court has had an opportunity to deliberate on the matter and to test the party's contentions by its reasoning and logic.

Finally, there exists a larger purpose and that is to provide the parties and the public the opportunity to realize that there is a careful, reasoned and judicious decision-making process at work on an important judicial issue—here, the right to bail.

Other jurisdictions, which have had occasion to consider the matter, have adopted a similar rule requiring the trial court upon a bail application to hold a hearing and to articulate its reasons for granting or denying bail. *Febre v. United States*, 396 U.S. 1225, 24 L. Ed. 2d 48, 90

S.Ct. 19 (1969) (in chambers); *In re Podesto*, 15 Cal.3d 921, 127 Cal. Rptr. 97, 544 P.2d 1297 (1976); *Orona v. District Court*, 184 Colo. 55, 518 P.2d 839 (1974); *State v. Obstein*, 52 N.J. 516, 247 A.2d 5 (1968); *People ex rel. Shapiro v. Keeper of City Prison*, 290 N.Y. 393, 49 N.E.2d 498 (1943); *People ex rel. Singer v. Corbett*, 26 A.D.2d 770, 271 N.Y.S.2d 921 (Sup. Ct. 1966); *Chynoweth v. Larson*, 572 P.2d 1081 (Utah 1977); *State v. Roessell*, 132 Vt. 634, 328 A.2d 118 (1974).

In most of these cases, the courts did not expressly state the particular basis for the rule formulated. Both *Podesto* and *Febre* indicated their holdings were founded on the court's inherent supervisory and rule-making powers. Such powers exist in this Court. Article VIII, Sections 3 and 8 of the *West Virginia Constitution; Stern Bros. v. McClure*, ___ W. Va. ___, 236 S.E.2d 222 (1977); *State ex rel. Partain v. Oakley*, ___ W. Va. ___, 227 S.E.2d 314 (1976); *West Virginia State Bar v. Earley*, 144 W. Va. 504, 109 S.E.2d 420 (1959).

We therefore conclude that under our inherent rule-making and supervisory powers, where bail is sought and opposed by the State, either as to the right to bail or the amount, the trial court must provide a hearing and a written statement of the reasons for its decision.

This case is therefore remanded to the Circuit Court of Upshur County for the purpose of holding a bail hearing in conformity with the principles set out in this opinion.

*Reversed and remanded.*