# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 14-1297** (Mercer County 14-F-162)

**James I.,**
**Defendant Below, Petitioner**

**FILED**

August 31, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James I.,[1] by counsel William O. Huffman and Natalie A. Hager, appeals the Circuit Court of Mercer County's December 8, 2014, order denying his motion for a new trial. Respondent State of West Virginia, by counsel David A. Stackpole, filed a response. On appeal, petitioner argues that the circuit court failed to remain impartial and erred in not admitting relevant evidence. Petitioner also argues that the victims failed to properly identify him as the perpetrator.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2014, the Mercer County grand jury indicted petitioner on seven counts of first-degree sexual assault and eleven counts of first-degree sexual abuse. The indictment states that during 2007, petitioner engaged in sexual intercourse with D.M., a minor, on seven separate occasions; during 2007, petitioner had sexual contact with D.M. on eight separate occasions; during 2007, petitioner had sexual contact with S.M., a minor, on two separate occasions; and between 2000 and 2001, petitioner had sexual contact with S.S., also a minor, on two separate occasions.

The case proceeded to a jury trial beginning in September of 2014. Following a five-day trial, the jury convicted petitioner of seven counts of first-degree sexual assault and nine counts of first-degree sexual abuse. The jury acquitted petitioner of two counts of first-degree sexual abuse. Petitioner filed a motion for a new trial, which the circuit court denied by order entered

---

[1]In keeping with this Court's policy of protecting minors and the identities of victims of sexual crimes, the victims will be referred to by their initials throughout this memorandum decision, and petitioner, by his first name and last initial.

1

December 8, 2014. The circuit court ultimately sentenced petitioner to a cumulative term of incarceration of 185 to 750 years. It is from this order that petitioner now appeals.

On appeal, petitioner raises three assignments of error. First, petitioner argues that the circuit court failed to remain impartial during the proceedings. Petitioner contends that it was improper for the circuit court to suggest that the State ask S.M. leading questions on redirect examination after the State decided to forgo redirect examination.

To begin, we note that petitioner's argument relies on a misstatement of the facts. On direct examination, S.M. stated that she was not "really comfortable answering" questions regarding the sexual abuse and provided only vague answers that petitioner touched her "general torso area" and around "[her] chest area and [her] thighs."[2] On cross-examination, petitioner focused on S.M.'s relationship with her mother, J.B., and her father, B.M. Immediately following cross-examination, the circuit court held a bench conference out of the presence of the jury. The circuit court stated the following during the bench conference:

> THE COURT: In light of the witness's obvious reluctance the Court would allow you to lead the witness, Mr. Sitler. I am not suggesting that you should but the court would just allow you such latitude.

Thereafter, on redirect examination, S.M. testified through leading questions that petitioner touched her "breasts" and "vagina." Petitioner contends that the circuit court's advice to the State to lead the witness demonstrated the circuit court's bias and prejudice against petitioner and resulted in a conviction of the charges alleged as to S.M.

Upon our review, notwithstanding petitioner's argument to the contrary, the appendix record is devoid of any evidence that the State affirmatively indicated its desire to forgo redirect examination of S.M. After petitioner's cross-examination of S.M., the circuit court held a bench conference to discuss issues for redirect examination, which the court has the discretionary authority to do. The State then proceeded with its redirect examination of S.M. The transcript of S.M.'s testimony reveals that she was uncomfortable discussing the sexual abuse and provided vague answers. This Court has held that "[t]he allowance of leading questions rests largely in the discretion of the trial court, and absent an abuse of such discretion, the trial court's ruling will not be disturbed." Syl. Pt. 6, *State v. Fairchild*, 171 W.Va. 137, 298 S.E.2d 110 (1982). Furthermore, West Virginia common law allows for leading questions of a child witness. *See State v. Golden*, 90 W.Va. 496, 111 S.E. 320 (1922) (stating that is was proper to lead a child witness in consideration of her age and inexperience.)

Additionally, in Syllabus Point 6 of *State v. Thompson*, 220 W.Va. 398, 647 S.E.2d 834 (2007), we held that

> "[a] trial judge in a criminal case has a right to control the orderly process of a trial and may intervene into the trial process for such purpose, so long as such intervention does not operate to prejudice the defendant's case. With regard to

---

[2]S.M. was eleven years old at the time of the trial.

2

evidence bearing on any material issue, including the credibility of witnesses, the trial judge should not intimate any opinion, as these matters are within the exclusive province of the jury." Syllabus Point 4, *State v. Burton,* 163 W.Va. 40, 254 S.E.2d 129 (1979).

In the present case, there is no evidence of a lack of impartiality by the circuit court. The circuit court advised counsel, at a bench conference, that it would allow the State some latitude to lead S.M. on redirect examination because the child witness was reluctant to discuss the sexual abuse. Because the statement was made during a bench conference, the jury was not given the impression that the circuit court valued more specific evidence of the sexual abuse than what was elicited on direct examination. Accordingly, we do not find that the facts herein demonstrated any bias or impartiality on the part of the circuit court.

Although not raised as a separate assignment of error, petitioner also argues that the circuit court's impartiality was present throughout the entire court proceedings. Petitioner argues that the cumulative sentence of 185 to 750 years of incarceration is evidence of the circuit court's bias towards him. To begin, we have held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). A review of the record shows that petitioner was sentenced to the statutory maximum for these crimes. Further, it is within a trial court's discretion to run such sentences concurrently or consecutively. *See* W. Va. Code § 61-11-21. Petitioner also argues that his bond was disproportionally high compared to that of his co-defendant. This Court has held that "[a] case by case determination of the right to and amount of bail in criminal proceedings is consistent with the Bill of Rights provision that excessive bail shall not be required and with the discretion vested in the courts under provisions of W.Va.Code, 62-1C-1." Syl. Pt. 1, *State ex rel. Hutzler v. Dostert*, 160 W.Va. 412 236 S.E.2d 336 (1977). Upon review of the record, petitioner's bail was reduced from $100,000 cash only to $25,000 cash or surety. Further, petitioner was afforded the opportunity of home incarceration but failed to procure a viable residence. The circuit court also considered petitioner's prior arrest record in Texas. Importantly, it was not alleged that petitioner's codefendant had sexual contact or sexual intercourse with the victims. For these reasons, we find no abuse of discretion.

Petitioner's second assignment of error is that the circuit court erred in denying the admission of relevant evidence during his trial. This Court has explained that "'[r]ulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion.' *State v. Louk*, 171 W.Va. 639, [643,] 301 S.E.2d 596, 599 (1983)." Syl. Pt. 1, *State v. Kaufman*, 227 W.Va. 537, 711 S.E.2d 607 (2011) (internal citations omitted). Petitioner alleges that the circuit court refused to admit evidence of Child Protective Services ("CPS") records and testimony from a CPS worker that showed that he did not abuse his own children.[3] Petitioner maintains that this evidence was both exculpatory and relevant because the CPS investigation of abuse and neglect of his own children "stemmed directly" from the disclosures of sexual abuse by S.M. and D.M.

---

[3]Petitioner's victims were not his children.

Rule 401 of the West Virginia Rules of Evidence states that "evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." In this case, there was no evidence that the CPS reports or testimony that petitioner sought to introduce at trial were related to the sexual abuse of the victims in this case. In fact, petitioner concedes that the investigation was conducted to determine "whether or not abuse and/or neglect had occurred against [petitioner's] children." Thus, whether petitioner abused or neglected his own children does not make the fact that petitioner had sexual intercourse with D.M. or engaged in sexual contact with D.M., S.M., and S.S. more or less probable than it would be without the evidence. Therefore, the circuit court did not err in excluding this evidence.

Finally, petitioner argues that he should be exonerated because the victims failed to make a proper in-court identification that he was the perpetrator of the crimes for which he was tried. Petitioner's brief is devoid of any citations to authority and is without any reference to the record on appeal. This Court has previously stated that "issues . . . mentioned only in passing but [] not supported with pertinent authority are not considered on appeal." *State v. LaRock,* 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) (citations omitted). Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that petitioner's brief contain an argument exhibiting clearly the points of fact and law presented. Rule 10(c)(7) also requires that such argument "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal." It is an appellant's burden to show the error in judgment of which he complains. *See* Syl. Pt. 2, *W.Va. Dept. of Health & Hum. Res. Emps. Fed. Credit Union v. Tennant,* 215 W.Va. 387, 599 S.E.2d 810 (2004). This Court declines to address this issue because it has not been sufficiently developed by petitioner.

For the foregoing reasons, the circuit court's December 8, 2014, order is hereby affirmed.

Affirmed.

**ISSUED:** August 31, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4