# WHEELING

## EX PARTE DOYLE.

Submitted June 5, 1907.    Decided June 11, 1907.

1.  CRIMINAL LAW—*Conviction of Misdemeanor—Suspension of Sentence.*
    The word "may," as used in section 2, chapter 160, Code 1899, is
    mandatory.  A person convicted of a misdemeanor is under it enti-
    tled, as a matter of right, to a suspension of the execution of the
    judgment.  (p. 281.)

2.  HABEAS CORPUS—*Application to Supreme Court.*
    Rule of practice 13 of the Supreme Court, requiring one asking
    a writ of *habeas corpus* to apply to circuit court before applying to
    this Court, is invalid, and will not be enforced by this Court.  (p.
    282.)

3.  SAME—*Application for Bail.*
    A circuit court has power to and should bail after conviction of
    a misdemeanor pending a writ of error from the judgment; and ap-
    plication must be made to it for bail, before asking a *habeas corpus*
    of this Court to obtain bail.  (p. 283.)

Application of Mike Doyle for writ of *habeas corpus* to
Okey E. Nutter,  sheriff.

*Dismissed.*

R. S. BLAIR and W. E. MCDOUGLE, for petitioner.

S. A. POWELL and F. H. MCGREGOR, for respondent.

BRANNON, JUDGE:

Mike Doyle was sentenced by the circuit court of Ritchie
county to imprisonment in jail for ninety days and to pay a
fine of one hundred dollars for selling liquor unlawfully, and
he obtained from a judge of this Court a writ of *habeas cor-
pus*.  Before obtaining the *habeas corpus* he had obtained a
writ of error, and bases his right to the *habeas corpus* on that
fact.    He asks discharge; and if not that, then bail.

The Code, chapter 160, section 2, provides that in cases of
death or penitentiary sentences, if the accused asked a post-
ponement of the execution of the sentence for a reasonable
time beyond the first day of the next term of the Supreme
Court, the court "shall postpone;" and the next clause says
that, in any other criminal case and contempt cases, where a
writ of error lies, the court "may postpone" the execution of
the judgment "for such time and on such terms as it deems

proper." We see the word "shall" in the first clause. We interpret this clause as clearly obligatory and mandatory. The court has no discretion to refuse a suspension of the sentence. In felony cases such is surely the construction from the word "shall," and because it is a provision in favor of suspension of enforcement of the judgment to allow time necessary to prepare the record to enable a person to have recourse by a writ of error granted by law to a person to save his life or liberty from erroneous conviction. *State* v. *Hawks*, 47 W. Va. 434. In misdemeanor cases, however, the word "shall" is dropped and "may" used. Does this change construction? In such cases the person may be imprisoned, or mulcted in money penalty. Does the section mean that he shall be at once jailed, without time to copy the record required by statue to be presented on petition for writ of error, when we know that it requires time to do this and for the appellate judges to act? We do not think so. The little word "may," when used in statutes, has given rise to much discussion. Sometimes it is permissive, sometimes mandatory, as dependent on intent. There is a full collection of Virginia and West Virginia cases in 9 Enc. Va. & W. Va. Rep. 743. Even in civil cases, when the provision is manifestly designed for a person's relief or remedy, it is held mandatory. Much more so in criminal cases. The old case of *Hyer* v. *Wood*, 2 Call. 574, 591, contains a test pertinent in this case—in saying that, where to give the word a merely permissive sense would render the provision a dead letter, the word must be held mandatory. So with the language in *Bean* v. *Simmons*, 9 Grat. 389, 391: that the word "may" in the statute means "must" or "shall," "where the public or third persons have a claim *de jure* that the power shall be exercised." If the word is in this instance only permissive, is not the constitutional right of a person convicted of misdemeanor, to ask relief by writ of error to save from imprisonment, a dead letter? And is not the suspension given by the statute intended to further the *de jure* right to ask an appeal to the higher court—such a right as imperatively calls for the exercise by the circuit court of the power of suspension? The word is *prima facie* permissive, importing discretion; but courts give it mandatory force when it is necessary to accomplish manifest purpose of the legislature. *Pearson*

v. *Supervisors*, 91 Va. 322, (21 S. E. 483); see *U. S.* v. *Thoman*, 156 U. S. 353.

The sheriff contends that this Court should not entertain the writ because no application was made, before applying to a judge of this Court, to the circuit court or its judge, as required by rule 13 of this Court, 53 W. Va. p. X. We are cited to *Fleming* v. *Comrs.*, 31 W. Va. 608, to sustain this objection to the writ. If that case is to be construed as holding that it is imperative to first apply to a circuit court or its judge for a writ of *habeas corpus*, we cannot approve it. The Constitution, as that case holds, gives the Supreme Court original jurisdiction, concurrent with the circuit court, of *habeas corpus*, and we cannot deny to a person unlawfully imprisoned the right to come to this Court in the first instance. The Constitution commands this Court to exercise original jurisdiction in *habeas corpus;* and, if we refuse the writ for the reason stated, do we not violate the Constitution, and deny the person the great writ of liberty? Can a mere rule of court—though made to save this Court labor, or, as we must rather say, to prevent its time from being consumed by numerous cases of original jurisdiction—deny that great writ given by the Constitution under a jurisdiction committed to this Court? Can we shut the door of this Court against one unlawfully imprisoned, coming with petition in hand? It is true that courts may adopt rules for the orderly and convenient exercise of jurisdiction; but those rules cannot deny a jurisdiction plainly imposed upon them. Therefore, we refuse to dismiss the writ for this cause.

The plaintiff did not move the circuit court to grant him bail upon the allowance of a writ of error. This remedy was ready and convenient. The law seems to be that *habeas corpus* does not lie where other means of liberation, other than appellate process, can be had. 3 Enc. L., 2d Ed., Note 1 p. 656; 21 Cyc. 287; *Mann* v. *Parks*, 16 Grat, 443; *Com.* v. *Lecky*, 26 Am. Dec. 37; *In Re Lancaster*, 137 U. S. 393; *Patterson* v. *State*, 49 N. J. L. 326.

But we should not require the petitioner to go first to the circuit court, unless we hold that that court has power to bail him. Therefore, we must inquire whether that court has power to bail him until the decision of the writ of error pending in this Court. By common law that court could bail after conviction and before commitment to prison, as stated in

*Ex parte Hill*, 51 W. Va. 537, and 3 Am. & Eng. Enc. L., 2d Ed., 673, and 5 Cyc. 72. But, as stated in that case, the Virginia and West Virginia statutes limit the power of the circuit court to bail "before conviction," and thus might seem to change the common law. I refer to Code 1899, chapter 156, section 6, Code 1906,. section 4541, containing the words. "But a circuit court, or a judge thereof in vacation, may for good cause shown admit any person to bail before conviction." It is somewhat difficult to say that, after conviction and commitment to the prison, there is power in the circuit court to bail under the statute. We think that the cause, after limiting a justice's powers, simply intended to say that circuit courts could bail, when justices could not. The word "but," in connection with antecedent words, would so indicate. It was intended to say that, while justices could not bail in certain cases, yet a circuit court could pending trial—I say pending trial. It was not, except by inference, designed to treat of bail after conviction. The negative pregnant is pretty strong, it is true; but not conclusive. Suppose we say that in no case, after conviction of a misdemeanor, can the defendant be bailed. Then one already in jail under a *mittimus* from a justice to answer an indictment, and convicted, cannot be bailed; or one present or brought in by *capias* to hear judgment, and sentenced to jail, can not be bailed, though he is granted a suspension to give him time to apply for a writ of error. So, as in this case, committed to jail, and a writ of error allowed operating as a *supersedeas*, he could not be bailed. No one granted a writ of error could be bailed by the circuit court until his writ of error would be decided, if this construction prevailed. He must serve out his term before a decision of his writ of error. Of what avail the decision then? In fact, the writ would then be useless and moot. It is, and we think ought to be, law that one convicted of misdemeanor and granted a writ of error may be bailed pending it. Justice demands it. The section could not have been intended to deny this. The law of bail, by common law principles, would grant bail pending a writ of error. 3 Am. & Eng. Enc. L. 2d Ed., 673; 5 Cyc. 73. We do not think our statute takes away this power to bail after conviction of misdemeanor; and the circuit court has this power. Bail rests on common law, except as statute

controls; and that court has power to bail which has power to try and determine the case. The power is inherent in that court by common law, because it has charge of the accused. 5 Cyc. 76; 3 Enc. Pl. & Pr. 195; *Commonwealth* v. *Rutherford*, 5 Rand. 646; 3 Am. & Eng. Enc. L., (2d. Ed.), 654. By common law the Court of King's Bench wielded the power to bail, and our circuit courts, as courts of record of general common law jurisdiction, in bail matters wields the same jurisdiction. 3 Am. & Eng. Enc. L. 656.

Our decision is as to misdemeanors. As to felonies, there is discretion to bail or not; but I do not realize that such is the case of misdemeanors. 5 Cyc. 63, 68; 3 Am. & Eng. Enc. L. 666. Therefore, we hold that the petitioner must go to the circuit court for bail, and we remand him to custody of the sheriff.

*Writ Dismissed.*

NOTE:

Since publication of this opinion in 57 S. E. 824, it has been revised so as to eliminate an erroneous recital of fact. There was a motion to suspend judgment after verdict but before judgment; but no motion was made after the rendition of judgment to suspend execution thereof. Though, in reality, a motion in arrest of judgment, it had the form of a motion to suspend judgment. As the proposition stated in the first point of the syllabus is one concerning which there has been diversity of opinion among the profession and the judges of the trial court, however, and an attorney for the prisoner treated the motion as one to suspend judgment, we have announced the law as if the motion had been made after, instead of before, judgment.