# CHARLESTON ·

## STATE *v.* STEPP.

Submitted September 11, 1907.     Decided December 17, 1907.

1. DEPOSITION—*Motion to Suppress—Time of Taking.*

There is a consent order while a case is pending before a commissioner in chancery, fixing a date for closing a party's depositions before the commissioner. That party fails to have his depositions taken by that date, but two days later asks the commissioner to take them, but he refuses. That party takes the depositions later, but before the commissioner completes his report. The depositions are not considered by the commissioner. After the report is returned there are exceptions to it for refusal to take such

depositions, and the court suppresses the depositions and makes a final decree without considering them. *Held*, error to suppress the depositions. (p. 257.)

2. SAME—*Consent Order.*

A consent order closing a party's depositions by a date will not deny consideration of depositions taken and returned after that date before any decree, without special reasons to justify their exclusion. (p. 258.)

3. SAME.

Generally depositions filed before a decree adjudicating the principles of a case must be considered. But if returned after a commissioner's report filed, they cannot be read to affect it. (p. -259.)

Appeal from Circuit Court, Mingo County.

Action by the State against John Stepp and others. Judgment for the State, and Sarah E. Young and Mike Young appeal.

*Reversed. Remanded.*

DOUGLAS W. BROWN, for appellants.

SHEPPARD, GOODYKOONTZ & SCHERR, for appellee John A. Sheppard, trustee.

BRANNON, JUDGE:

In a suit in Mingo county in the name of the State against John Stepp and others to sell certain lands as forfeited to the state for taxes, John A. Sheppard, trustee, filed an answer and petition setting up ownership of two of the tracts, and acknowledging their forfeiture, and asking liberty to redeem them from sale. Said answer and petition stated that Mike Young and Sarah E. Young set up a claim to part of the said land, and denied that they had any title, and prayed that the pretended claim of Mike Young and Sarah E. Young be annulled and held for naught, and that the title of Sheppard be held superior to their claim. Mike Young and Sarah E. Young filed an answer to said Sheppard's petition and answer asserting a right to a part of said land, denying the forfeiture, denying Sheppard's title, and praying that his said petition and answer be dismissed, so far as it affected the land claimed by the Youngs. The case was referred to a commissioner to report what part of the

land was liable to the sale, and when and for what cause forfeited, and who was entitled to redeem the land, and what part of the said tract was overlapped by the lands claimed by the Youngs, and what title they had thereto, and which was the superior title to the land overlapping, and who had susuperior title thereto, and whether it was liable to sale or redemption, and who had right to redeem. Afterwards a consent order was made, 10th May, 1904, requiring the closing of depositions for the Youngs on 15th June, 1904, and evidence in rebuttal on 15th July, 1904. Sheppard's evidence was taken before the commissioner 27th January, 1904. The Youngs took no depositions before 15th June, 1904; but on the 16th or 17th June they appeared before the commissioner and asked him to take the depositions of their witnesses, but he refused to do so on account of the consent order closing the depositions for the Youngs on the 15th of June. On the 18th of July, 1904, the Youngs took a number of depositions. The commissioner did not read the depositions taken by the Youngs. His report was completed 22nd August and filed 7th September, 1904. The Youngs excepted to the report for the reason, among others, that the commissioner had refused to take evidence in behalf of the Youngs when presented to him on the 16th and 17th of June. Sheppard excepted to the depositions taken by the Youngs, because they were taken after the time fixed by said consent order, and because the commissioner had closed the evidence before the taking of those depositions. The court, by its decree, 23rd September, 1904, sustained Sheppard's exception to the depositions taken by the Youngs, and refused to read them on the hearing, because not taken within the time required by the consent decree and because they were not taken before the commissioner closed his report, as the decree states; but the report itself disputes this, as it says that the report was made up and completed 22nd August. There had been as yet no decree. The decree declared that Sheppard had good title to the land, superior to any other claimant, and had right to redeem the same and allowed him to redeem it, and declared that the claim of the Youngs to the land should be removed and annulled. From this decree Mike Young and Sarah E. Young appeal.

The question is, Did the court err in refusing to consider

the depositions taken by the Youngs? It appears that a few days before the 15th of June the commissioner applied to the attorney for the Youngs and called his attention to the consent order and notified him that it was the intention of the commissioner to comply with that consent order as to the time of the taking of depositions. It thus appears that there was negligence on the part of Youngs' attorney in taking the depositions. What is its effect, granting the existence of such negligence and delay? Does it take away from the Youngs the right to have the depositions read? The right to make defense is an inestimable right in a court of justice. Shall that consent order be held to debar the Youngs from making defense? Is it an estoppel against complaint? Reflect that it was only one or two days after the day fixed for the close of depositions when Youngs appeared before the commissioner and asked him to take their depositions. True, the date had passed, but what material harm could have been done to Sheppard by this short delay of a day or so? Why did not the commissioner take the depositions, consider them and let the question go before the court? As yet the commissioner had not made up his report. He did not make up his report till long afterwards. The depositions were taken 18th July, before the commissioner had made up his report, and long before the court acted upon the report. They were filed 7th September. Of what right would the reading of these depositions have deprived Sheppard, what *legal* right? The law gave the Youngs the right of defense, a right which Sheppard must recognize, because a litigant must recognize the right of his adversary to sustain his cause. He would not have been deprived of any legal right. If Youngs had asked a continuance, that would be another question; but the depositions had already been taken and Youngs complain of their suppression. In *Ward* v. *Ward*, 40 W. Va. p. 623-4, it is stated that where, within the ten days during which the report is required to lie in the commissioner's office, exceptions are made, depositions can be taken and considered. This shows that before the report is made they may be taken. After the report has been filed they cannot be considered, as that case says. But in the present case they were asked to be taken before the making of the re-

port had been begun—before the commissioner had begun his consideration; and they were actually taken before that. Our statute says that "a deposition may be read if returned before the hearing of the cause, although after an interlocutory decree, if it be as to a matter not thereby adjudged, and be returned before a final decree." Code, chapter 130, section 35. The right to make defense in a court of justice when sued is a right of inestimable worth. *Audi alteram partem* (hear the other side) is a motto of impartial justice. That statute secures a valuable right. It seems to me that being a remedial statute, securing the right to have evidence considered, it should receive a liberal construction, a construction which will carry out its manifest design. It says that depositions may be read though taken after an interlocutory decree, if they do not relate to a matter thereby adjudged. This means that until that matter is adjudged by actual decree the party's evidence must be heard. That seems plain, especially when the section goes on to say that the deposition shall be read, if returned before a final decree. The statute does use the word "may," which is usually only permissive or discretionary. But I understand that that word is mandatory when there is involved a great right of a party. I understand that when it is used in a statute, where a person has a right involved, and the power to exercise a function is given a court or public officer, for the benefit of that individual or the public, the word is mandatory, not discretionary. The power or function must be exercised by the public officer or court in the interest of the public or the suitor's right. I think the authorities cited in *Ex parte Doyle*, 57 S. E. 824, 62 W. Va. 280, will sustain this view. See *Cavender* v. *City*, decided this term. And I can see no instance, hardly any instance, where that principle would more strongly apply than in a case involving the right to a suitor to adduce evidence in defense of his property right. I will not be so bold, notwithstanding this rule, as to assert that no negligence on the part of the suitor can deprive him of the right to have depositions read, and yet the language of that statute seems very strong. I shall not say, and do not intimate, that the decision in *Buster* v. *Holland*, 27 W. Va. 510, is unsound, but that refuses depositions taken after a report of a commissioner was

filed and when the case was ready for hearing. The Court denied the right to thus nullify the report of the commissioner. That may be all right. We reflect that the commissioner is the handmaid of the court, and a hearing before him is practically a hearing by the court, and that hearing is closed when the commissioner files his report. That is different from the case where the work is still going on before the commissioner and he has not yet completed his report. That case asserts also that as to any matter not adjudged, if the deposition be taken and returned before the final hearing it may be read. That statute says so. *Atwood* v. *Shen. V. R. R.*, 9 S. E. 748, holds that a master may reopen depositions after they have been closed and he has partly drafted his report. *Fulmer Coal Co.* v. *Railroad Co.*, 57 W. Va. 470, was a case of refusal to read depositions taken during term after a continuance had been refused, and the case had been submitted for decision.

Say again that Youngs were negligent. As when the hearing took place the depositions were before the court, their suppression was a mere penalty for negligence. To give the consent order the force to exclude the depositions would give it the force of estoppel, irrevocable estoppel, as if it were *res judicata*, when it did not adjudge anything, but was a mere agreement not on any consideration, and would say that Sheppard had right to so enforce it when it would take away from him no legal right. It is even said that it has the force of a consent decree not to be set aside except by consent. That is the case where the consent decree adjudicates matters in issue in the case in the pleadings—matters in controversy—but this order does not do this. It concerns only procedure in the case.

We do not see any error in overruling exceptions to the depositions of Sheppard. The exception was that after the case had been dormant before the commissioner ten months they were taken on one day's notice, when counsel had no chance to communicate with his client. There had been a notice published to all parties. It required no other notice, *Miller* v. *Cox*, 38 W. Va. 747. Besides, privilege was tendered counsel for Youngs to cross-examine the witnesses.

As the case—both sides—has not been passed upon, either by commissioner or court, and as the court, under the

statute direction in such case, sent the case to a commissioner, it is proper that a report be made on the whole case, and there should be a recommital, and therefore we reverse the decree, without passing on the merits, and remand the case.

*Reversed.    Remanded.*