**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John K. BRIGGS et al., Defendants-
Appellants.**

No. 72-3459

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 2, 1973.

Doris Peterson, James Reif, Morton Stavis, Nancy Stearns, c/o Center for

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Constitutional Rights, New York City, Cameron Cunningham, Brady S. Coleman, Austin, Tex., Larry Turner, Gainesville, Fla., attys. for defendants-appellants.

William H. Stafford, Jr., U. S. Atty., Pensacola, Fla., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., William M. Piatt, Internal Security Div., Dept. of Justice, Washington, D. C., attys. for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's decision setting bail for each of the eight named defendants in the amount of $10,000 cash or surety bond and denying defendants' motion to be released on their personal recognizance or in the custody of counsel or upon a 10% deposit of the amount fixed for the bond. Previously, we remanded the cause to enable the district court to comply with rule 9(a) of the Federal Rules of Appellate Procedure by stating in writing the reasons for imposing or refusing to impose conditions of release. United States v. Briggs, et al., 5 Cir. 1973, 472 F.2d 1229. The district court has since issued an order stating its reasons for denying the defendants' motion to reduce bail. On reexamination of our previous decision, we find that we were not sufficiently explicit in our directions to the district court. We are compelled, therefore, again to remand the cause.

In its written order, the district court stated that it considered several factors in determining what conditions of release were appropriate. The court relied primarily on the seriousness of the charges alleged in the indictment but also considered the potential penalty which could be imposed if the defendants were convicted, the defendants' ties to the Gainesville, Florida, community (the site of the trial), and the defendants' attitude toward the legal system. The court concluded that these factors justified a fixed bond for each of the defendants in the amount of $10,000 cash or surety bond.

The district court's statement of reasons does not clarify the basic ambiguities in its decision that necessitated our initial remand order. The district court's order does not consider the factors with respect to *each* defendant that would justify the conditions of release imposed in this case. Rather, it lumps all the defendants together and concludes that a uniform blanket bail is appropriate. The Bail Reform Act, however, clearly contemplates that each person has the right to separate consideration, to stand or fall on the merits of his own case rather than on the misdeeds of his co-defendants. "Each defendant stands before the bar of justice as an individual."[1] Moreover, judicial review is effectively thwarted if the appellate court cannot determine the factors relied upon by the district court in reaching its decision. By referring to the eight de-

---

1. Mr. Justice Jackson made the following observation in a concurring opinion in Stack v. Boyle, 1951, 342 U.S. 1, 9, 72 S.Ct. 1, 6, 96 L.Ed. 3, 9, a case very similar to the one at bar:

It is complained that the District Court fixed a uniform blanket bail chiefly by consideration of the nature of the accusation and did not take into account the difference in circumstances between different defendants. If this occurred, it is a clear violation of Rule 46(c). Each defendant stands before the bar of justice as an individual. Even on a conspiracy charge defendants do not lose their separateness or iden-

tity. While it might be possible that these defendants are identical in financial ability, character and relation to the charge—elements Congress has directed to be regarded in fixing bail—I think it violates the law of probabilities. Each accused is entitled to any benefits due to his good record, and misdeeds or a bad record should prejudice only those who are guilty of them. The question when application for bail is made relates to each one's trustworthiness to appear for trial and what security will supply reasonable assurance of his appearance.

fendants as if they were a single, homogeneous entity, the district court has prevented consideration of the specific circumstances of each defendant. Here, there are several relevant differences among the defendants. Not all the defendants are charged with the many substantive offenses cited by the district court. Six of the eight defendants are charged with only one offense, conspiracy in violation of 18 U.S.C. § 371; one defendant is charged with both conspiracy and commission of the substantive offenses; and another defendant is charged not with conspiracy but with being an accessory. From the affidavits submitted by the defendants, it also appears that three of the defendants have resided in Gainesville for some time and that one of the defendants owns a home there. Two other defendants have ties in the state of Florida, and one owns a home in Hialeah, Florida. Despite these differing circumstances, the district court set a uniform blanket bail in the amount of $10,000 without stating the reasons for its decision. Without expressing any view as to the merits of the defendants' claims, we think that at a minimum each defendant is entitled to know the reasons why the particular conditions of release were imposed in *his* case. The Bail Reform Act expressly requires this.

We therefore remand the cause to the district court for a statement of the reasons for imposing the conditions of release with respect to each defendant.

Remanded.

RONEY, Circuit Judge (specially concurring):

I concur with the majority because the remand on summary disposition is the quickest way to reach a final conclusion in this matter, given the position that the majority of this panel takes as to the District Court's order. Otherwise, I would affirm the District Court's order on the ground that, while the exercise that the remand requires of the District Court might be technically correct and reveal reasons for increased bail as

to certain defendants, the District Court's recitation of those factors common to all defendants convinces me that in no case could the $10,000 bail requirement be regarded as an abuse of discretion nor as excessively high bail. Under such circumstances, I would ordinarily think that the remand creates an added expense for the defendants and can only result in a needless expenditure of judicial time.