## MECOM v. UNITED STATES

No. A-222. Decided September 20, 1977

MR. JUSTICE POWELL, Circuit Justice.

This is an application for reduction of bail pending appeal to the Court of Appeals for the Fifth Circuit. Following a jury trial in the District Court for the Southern District of Texas, applicant was convicted of conspiracy to possess marihuana with intent to distribute it, in violation of 21 U. S. C. § 846. He was sentenced to five years' imprisonment to be followed by a special parole term of five years. Applicant's appeal from that conviction is pending in the Court of Appeals.

Before trial, bail was set at $1,000,000. Upon applicant's motion, this was reduced to $750,000. The District Court provided no statement of reasons for setting bail at so high an amount, despite the requirements of 18 U. S. C. § 3146 (d).[1]

---

[1] Title 18 U. S. C. § 3146 (d) provides in pertinent part as follows:

"A person for whom conditions of release are imposed and who after twenty-four hours from the time of the release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the judicial officer who imposed them. Unless the conditions of release are amended

Bail was continued at the same amount pending appeal, and again no statement of reasons was provided, although one is required by Fed. Rule App. Proc. 9 (b).[2] The Court of Appeals denied applicant's motions for reduction of bail. Unable to raise the required amount, he remains incarcerated pending appeal.

Applicant argues that his bail has been set in an excessive and unreasonable amount, citing *Sellers* v. *United States,* 89 S. Ct. 36, 21 L. Ed. 2d 64 (1968) (Black, J., in chambers). He insists that neither the District Court nor the Court of Appeals made a specific finding that applicant would fail to appear. In particular, he alleges that he has substantial roots in the community, that he had never before been charged with a criminal offense, and that his interests in a local laundromat-grocery store and a shrimp boat business will serve to keep him from fleeing the jurisdiction.

Decisions of the District Court with respect to bail are entitled to "great deference." *Harris* v. *United States,* 404 U. S. 1232 (1971) (Douglas, J., in chambers). A Circuit Justice, however, has a responsibility to make an independent determination on the merits of the application. *Ibid.* Be-

---

and the person is thereupon released, the judicial officer shall set forth in writing the reasons for requiring the conditions imposed."

See *United States* v. *Briggs,* 476 F. 2d 947 (CA5 1973) (defendants entitled to know reasons for imposition of conditions of release).

[2] Rule 9 (b) provides as follows:

"(b) Release Pending Appeal from a Judgment of Conviction. Application for release after a judgment of conviction shall be made in the first instance in the district court. If the district court refuses release pending appeal, or imposes conditions of release, the court shall state in writing the reasons for the action taken. Thereafter, if an appeal is pending, a motion for release, or for modification of the conditions of release, pending review may be made to the court of appeals or to a judge thereof. The motion shall be determined promptly upon such papers, affidavits, and portions of the record as the parties shall present and after reasonable notice to the appellee. The court of appeals or a judge thereof may order the release of the appellant pending disposition of the motion."

cause of the District Court's failure to adduce reasons for its decision,[3] it was necessary to obtain from the Government a response to applicant's allegations.[4]

According to the Government response, the evidence at trial indicated the following: Applicant was involved in a large-scale smuggling enterprise, which imported marihuana into Texas from Mexico in loads of 200 to 700 pounds; the marihuana was then distributed to locations as far away as Indiana; applicant's wife, a co-indictee, acted as his "connection" in Mexico and is currently a fugitive there; another associate in the enterprise is also a fugitive; and applicant and his associates were frequently in possession of large amounts of cash. The Government further states that at the bond hearing there was evidence that applicant paid $100,000 for the murder—unsuccessfully attempted—of an associate suspected of cooperating with the authorities.

Under these circumstances, there is certainly no reason to disturb the rulings of the courts below. Accordingly the application for reduction of bail is denied.

---

[3] Applicant has raised no objection to the District Court's failure to provide a statement of reasons.

[4] Compliance with the requirements of § 3146 (d) and Rule 9 (b) not only facilitates review in this Court of bail decisions, but also may serve to focus the attention of the District Court upon the relevant elements of such decisions.