STATE OF WEST VIRGINIA

*v.*

JAMES LEROY MCCORMICK

(No. 14270)

Decided May 5, 1981.

*Ward & Cline and Michael R. Cline* for appellant.

*Chauncey H. Browning,* Attorney General, *Gregory W. Bailey,* Deputy Attorney General, for State.

PER CURIAM:

In this appeal from the Circuit Court of Putnam County, the appellant, James LeRoy McCormick, seeks reversal of a final judgment of conviction entered on a jury verdict finding him guilty of breaking and entering.

The appellant contends that the trial court committed reversible error when it gave State's Instruction No. 4 which told the jury that if they believed beyond a reasonable doubt that the defendant broke and entered the building in question and committed a larceny therein, then he is presumed to have entered with the intent to commit larceny, and unless the presumption is negatived to their satisfaction then they may find him guilty.

We agree with the appellant's contention that the giving of this instruction constitutes reversible error. The instruction unconstitutionally placed upon the appellant the burden of proving that he did not enter the building in question with the intent to commit larceny, and in so doing relieved the State of the burden of proving beyond a reasonable doubt that material element of breaking and entering. *W.Va. Code,* 61-3-12. The instruction is constitutionally infirm because it supplies by presumption a material element of the crime charged and because it requires the appellant to come forward with proof to overcome the presumption. Both aspects of such an instruction were condemned in Syllabus Point 4 of *State v. Pendry,* 159 W.Va. 738, 227 S.E..2d 210 (1976), which held:

> "In a criminal prosecution, the State is required to prove beyond a reasonable doubt every material element of the crime with which the defendant is

charged, and it is error for the court to instruct the jury in such a manner as to require it to accept a presumption as proof beyond a reasonable doubt of any material element of the crime with which the defendant is charged or as requiring the defendant either to introduce evidence to rebut the presumption or to carry the burden of proving the contrary."

Therefore, because State's Instruction No. 4 was given, the final judgment of conviction is reversed and the case is remanded for a new trial.

The appellant assigns other errors, and while we find that they do not, either individually or cumulatively, constitute grounds for reversal, we address them briefly with the hope that our comments will serve to avoid confusion on the same issues when the case is retried.

The appellant contends that he was prejudiced by the manner in which the State questioned an alleged co-conspirator. The law concerning the admissibility of statements of co-conspirators was set forth in Syllabus Point 2 of *State v. Adkins,* 162 W.Va. 815, 253 S.E.2d 146 (1979), which held that:

"The proper rule concerning admissions and confessions of co-conspirators in the trial of another conspirator is that the admission or confession of an accomplice standing alone, may not be introduced into evidence against another accomplice as an admission against interest; however, one accomplice may testify against another accomplice about the events surrounding the crime with which the defendant accomplice is charged, about the defendant accomplice's part in that crime, about events leading up to the formation of the conspiracy, and about the part the testifying accomplice played in the conspiracy, (including any incidental admissions) so long as the defendant accomplice has an opportunity to cross-examine the testifying accomplice and the testifying accomplice is called by the State for the purpose of giving detailed testimony and not for the purpose alone of demonstrating that the

testifying accomplice has either confessed or pled guilty to participating in the crime with which the defendant accomplice is charged."

It appears that the State was attempting to elicit testimony of questionable admissibility under the holding in *Adkins, supra,* when the questioning was objected to by appellant's counsel and sustained by the court. The court then instructed the jury to give no consideration to the question asked. We conclude that the appellant was not prejudiced by these matters. Because of the court's action in sustaining the objection it is not possible to positively determine on this record whether the evidence sought by the State would have been inadmissible, but we suggest that upon retrial the matter of admissibility be settled out of the jury's presence before the questioning of this witness proceeds.

The appellant contends he was denied a fair trial by the manner in which the court conducted his in-court identification. One of the officers present at the scene of the crime was called to testify to his observations. He testified that he was standing outside the store looking through the windows and was approximately fifty to sixty feet from three individuals he observed inside the well-lighted interior of the store. He said one of the men he had seen in the store that night was present in the courtroom, and he was asked by the prosecutor to point out that individual. The court then asked the defendant to rise and inquired of the witness whether this was the man that he had seen. The witness replied "Yes, sir."

We have recognized that challenges to the admissibility of an in-court identification on the ground that it is tainted by unduly suggestive pre-trial identification procedures, entitle a defendant to an *in camera* hearing. Syl. pt. 1, *State v. Watson,* W.Va., 264 S.E.2d 628 (1980); Syl. pt. 6, *State v. Pratt,* W.Va., 244 S.E.2d 227 (1978).

The appellant does not, however, contend that unduly suggestive pre-trial identification procedures tainted the in-court identification. His contention is instead that the in-court identification was in and of itself suggestive and should have been suppressed for this reason. The

procedure followed by the trial court is improper, but we conclude that the reliability of the identification was not fatally tainted by the courtroom procedure. The record reveals that the witness had an excellent opportunity to observe the defendant at the time of the crime and that only slightly more than three months had elapsed between the crime and the identification at trial. It is also apparent from the record that the witness demonstrated a high degree of certainty in the correctness of his identification. *See, State v. Casdorph,* 159 W.Va. 909, 230 S.E.2d 476 (1976). Taking all of these circumstances into consideration we conclude that the witness' identification of the defendant had an independent basis for its reliability and was not influenced by the suggestiveness of the in-court identification procedure.

Moreover, it is not without significance that the defendant was also positively identified by another officer who knew the defendant, had seen him only weeks before the crime, and who had an excellent opportunity to observe him at the scene of the crime. This evidence alone could have been sufficient to leave the question of identification to the jury. The allegedly "tainted" identification would, therefore, have constituted harmless error at most. *State v. Foddrell,* 165 W.Va. 540, 269 S.E.2d 854 (1980). Accordingly, we conclude that no reversible error was committed.

The appellant next contends that the trial court erred when it stated in the jury's presence that the co-conspirator testifying at the appellant's trial was represented by the appellant's attorney. It is the appellant's contention that this remark prejudiced the jury because they inferred he must have been involved in the crime because he had the same lawyer as one of the men arrested at the scene.

We find the appellant's contention to be without merit. We do not believe the jury would have reasonably drawn such an inference and the record does not support the contention that they did. The assertion that prejudice flowed from the remark seems to be purely speculative. Moreover, we note that the record indicates that the jury would likely have been aware of this dual representation

because of counsel's repeated advice to the co-conspirator to assert his Fifth Amendment rights, advice that was given in the jury's presence. It is also not without significance that counsel did not object to the statement at the time and made no request for a cautionary instruction or mistrial.

The appellant next asserts that the trial court erred by admitting into evidence seven rifles found inside the store. These seven rifles were found near an exit and it was discovered by the investigating officers that a locked chain securing the rifle display rack had been forceably removed and some rifles had been taken from the rack. It is the appellant's position that the admission of these rifles led the jury to believe that the property was recovered, and that therefore the jury was prejudiced against him because they would believe that the property was stolen and that the appellant stole it.

We find this to be a tenuous proposition at best, and we note that the contention of prejudice and the speculation as to what the jury believed are without support in the record. We find no error here. The rifles were properly admitted into evidence. A proper foundation was laid and the testimony surrounding their admission clearly and accurately portrays the circumstances in which they were found by the officers at the scene. We cannot see how the jury would have been misled or prejudiced by this evidence.

The appellant argues that the trial court erred in refusing to give Defendant's Instruction No. 9. No useful purpose is served by quoting the instruction. It was properly refused for several reasons. The instruction was confusing, misleading, and internally contradictory because the first part dealt with the defendant's alibi defense and the second part dealt with an affirmative factual defense predicated upon the defendant's presence at the scene of the crime. "Instructions in a criminal case which are confusing, misleading, or incorrectly state the law should not be given." Syl. pt. 3, *State v. Bolling*, 162 W.Va. 103, 246 S.E.2d 631 (1978). Furthermore, the instruction misstated the evidence by declaring that a medical doctor had testified that it would have been impossible for the

806

appellant to climb a rope to the store's ceiling as alleged, while in fact, the testimony of the doctor was that it would have been most unlikely that he could have climbed the rope. "Proffered instructions . . . which are not supported by the evidence . . . are erroneous and should be refused." Syl pt. 3, *State v. Starr*, 158 W.Va. 905, 216 S.E.2d 242 (1975), in part.

The appellant contends the trial court erred by refusing to grant a stay of execution immediately following his conviction in order that an appeal might be perfected. While the court acted improperly in this regard, *State ex rel. Bennett v. Whyte*, 163 W.Va. 522, 258 S.E.2d 123 (1979), its action does not now constitute grounds for the reversal of the final judgment. In light of the nature of this error and in light of our reversal on other grounds, this is a moot issue. There is no meaningful action this Court could now take in regard to this point. Counsel should have taken appropriate action at the time the stay was refused.

Finally, the appellant asserts that the verdict of the jury is not supported by sufficient evidence. No serious attempt is made to argue this assignment of error. Such a general assignment of error without a specific argument is virtually meaningless. Upon our review of the record we conclude this assignment is without merit.

The final judgment of conviction is reversed and the case is remanded for a new trial.

*Reversed and remanded.*