# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 15-0031** (Doddridge County 13-F-25 & 14-M-1)

**Paul Campbell Jr., Defendant Below,**
**Petitioner**

**FILED**

September 21, 2015
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Paul Campbell Jr., by counsel David C. Glover, appeals the Circuit Court of Doddridge County's December 16, 2014, order sentencing him to one year of incarceration following his conviction of one count of petit larceny. The State, by counsel David A. Stackpole, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying his request for bail on two separate occasions and in granting him credit for time served in the amount of 289 days.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2013, petitioner was indicted on the following charges: breaking and entering, conspiracy to commit breaking and entering, and petit larceny. At the time of the indictment, petitioner was already incarcerated by the Division of Corrections ("DOC") for parole violations from a previous criminal matter. After the indictment, the State sent the DOC a detainer letter so that they would be alerted when petitioner was released. That same month, the circuit court held an arraignment hearing. Petitioner was represented by counsel and requested bond be set. The circuit court, however, deferred the matter of bond until petitioner was released from incarceration on his parole revocation. In August of 2013, petitioner filed a motion to set bail.

In September of 2013, the circuit court held a pre-trial hearing, during which it dismissed one count from the indictment as time-barred. The circuit court then held petitioner's motion for bail in abeyance pending petitioner's release on parole, unless the parties could reach an agreement as to bail. The following month, the circuit court held a scheduling conference, at which petitioner again requested that the circuit court set bond. The circuit court directed the parties to confer about the amount and terms of bond. On November 15, 2013, the circuit court entered an agreed order establishing the terms and conditions of bond, setting it at $5,000. Thereafter, petitioner was discharged from DOC custody on his parole violation sentence on November 28, 2013. From that date until January of 2014, petitioner's probation officer placed petitioner on bond supervision.

1

On February 3, 2014, petitioner's probation officer placed a hold on petitioner for violating the terms of his bond and he was reincarcerated. Petitioner remained incarcerated throughout the pendency of these proceedings. Then in September of 2014, the circuit court held a plea hearing. Pursuant to a plea agreement, petitioner pled guilty to one count of petit larceny, as charged in a one-count information. The circuit court then dismissed the indictment. Finally, the circuit court held a sentencing hearing on November 18, 2014, during which petitioner's probation officer indicated that petitioner was eligible for 289 days of time served credit because she placed a hold on him for violating his bond on February 3, 2014. Petitioner argued he should be entitled to credit from the day of the indictment, but the officer stated that he was not being held on the current charges at that time. Petitioner was then sentenced to a term of incarceration of one year, said sentence to run consecutively to an unrelated Harrison County criminal charge. The circuit court then gave petitioner credit for time served in the amount of 289 days. This was calculated beginning on February 3, 2014, through the sentencing date of November 18, 2014, because petitioner was not eligible for bond prior to that date due to his incarceration on other charges. It is from the sentencing order that petitioner appeals.

We have previously held that "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Further, "[a] trial court's ruling on bail will not be disturbed on appellate review unless the record reveals an abuse of discretion." Syl. Pt. 2. *State ex rel. Bennett v. Whyte*, 163 W.Va. 522, 258 S.E.2d 123 (1979). Upon our review, we find no error in the circuit court denying petitioner bail or in its ruling on the amount of credit for time served to which petitioner is entitled.

To begin, petitioner's arguments that the circuit court erred in denying him bail on two separate occasions is without merit. The record shows that petitioner was incarcerated on unrelated charges at the time the circuit court denied his requests for bail and would not have been entitled to release regardless of the circuit court's actions. While it is true that West Virginia Code § 62-1C-1 states that "[a] person arrested for an offense not punishable by life imprisonment shall be admitted to bail by the court or magistrate," the record here is clear that petitioner was ultimately granted bail and released on his unrelated charges after discharging that sentence. Simply put, this issue is moot, and this Court has routinely held that "'[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights or persons or of property, are not properly cognizable by a court.' Syl. pt. 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908)." Syl. Pt. 4, *W.Va. Action Grp. v. Pub. Serv. Comm'n of W.Va.*, 233 W.Va. 327, 758 S.E.2d 254 (2014).

Petitioner argues that he could not have been released on parole for the unrelated charges because of the detainer and the fact that bail was not set for the present charges; thus he argues that he wrongly remained incarcerated. However, we note that petitioner cites no evidence in the record or authority to support this position, as required by Rule 10(c) of the West Virginia Rules of Appellate Procedure. ("The brief must contain an argument exhibiting clearly the points of fact and law presented," as well as "appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were

presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal."). More importantly, the record clearly shows that the matter of bail did not delay petitioner's release from incarceration, as the circuit court entered an order setting petitioner's bond on November 15, 2013, yet petitioner remained incarcerated on the unrelated charges for approximately fifteen additional days until he posted bail on November 28, 2013. In fact, the circuit court specifically found that "as soon as [petitioner] became eligible for parole, his bond was set and he made [bond]." For these reasons, the Court finds no error in the circuit court denying petitioner's requests to set bond on July 30, 2013, and September 3, 2013.

As to petitioner's argument that the circuit court erred in granting him credit for time served in the amount of 289 days as opposed to the 365 days to which petitioner claims he is entitled, the Court also finds no error. On appeal, petitioner argues that in addition to the 289 days of credit for time served that the circuit court applied, he should also be entitled to credit for the time he served from the date of the indictment until his release on November 28, 2013. However, his argument on this issue is again premised on his unsupported assertion that he was only held on the unrelated criminal charges because the circuit court failed to set bail on the charges as contained in the new indictment. As set forth above, this argument is without merit. The record is clear that on the date petitioner was indicted, he was already incarcerated on unrelated parole revocation charges, and he remained incarcerated on those charges until his release on November 28, 2013.

Contrary to petitioner's argument, this Court has previously held that criminal defendants are not entitled to credit for time served in similar situations. *See State v. Wears*, 222 W.Va. 439, 445, 665 S.E.2d 273, 279 (2008) (denying a defendant's request for credit for time served between the State's voluntary dismissal of an indictment and the defendant's reindictment because he remained in custody serving time on unrelated charges); *Echard v. Holland*, 177 W.Va. 138, 144, 351 S .E.2d 51, 57 (1986) (incarcerated defendant not entitled to credit for time served for offense committed after imposition of sentence on prior crime.). Simply put, petitioner is not entitled to have time served credit applied to his current sentence for time spent incarcerated on unrelated charges. As such, the Court finds no error in the circuit court award of credit for time served.

For the foregoing reasons, the circuit court's December 16, 2014, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: September 21, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II